**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENEJAH CALIXTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>BIOREFERENCE LABORATORIES, INC.,<br><br>Defendant. | No:<br><br>CLASS ACTION COMPLAINT |

Enejah Calixte ("Calixte" or "Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated non-exempt hourly positions such as lab technicians and/or phlebotomists (collectively, "Hourly Workers") who work or have worked for Bioreference Laboratories, Inc. ("Bioreference" or "Defendant") in New York State.

2. At all relevant times, Defendant has compensated Plaintiff and all other Hourly Workers in New York on a bi-weekly basis.

3. Despite being manual workers, Defendant has failed to properly pay Plaintiff and other Hourly Workers in New York their wages within seven calendar days after the end of the

1

week in which these wages were earned.

4. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Hourly Workers in New York.

5. Manual Workers, as contemplated by NYLL § 191, are "dependent upon their wages for sustenance." *People v. Vetri*, 309 N.Y. 401, 405 (1955).

6. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Hourly Workers, according to NYLL § 191, constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019)).

7. Plaintiff brings this action on behalf of herself and all other similarly situated Hourly Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

**Enejah Calixte**

8. Calixte is an adult individual who is a resident of the State of New York.

9. Calixte was employed by Bioreference as a lab technician and/or phlebotomist, an Hourly Worker, earning approximately $21.50 per hour from on or around September 2023 through November 2023.

10. Calixte is a covered employee within the meaning of the NYLL.

**Defendant**

    **Bioreference Laboratories, Inc.**

11. Defendant is a foreign business corporation organized and existing under the laws of New Jersey.

12. Defendant's principal executive office is located at 481 Edward H. Ross Dr., Elmwood Park, New Jersey 07407.

13. Defendant was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

14. Defendant has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

15. Defendant applies the same employment policies, practices, and procedures to all Hourly Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

17. There are over 100 members in the proposed class.

18. Defendant is subject to personal jurisdiction in New York.

19. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §

1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conducts business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

20. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as Hourly Workers for Bioreference in New York from January 4, 2018 through the date of final judgment in this matter (the "New York Class").

21. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

22. There are more than fifty members of the New York Class.

23. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

24. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

25. Plaintiff is able to fairly and adequately protect the interests of the New York Class and has no interests antagonistic to the New York Class.

26. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

27. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

28. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following:

> (a) whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

29. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Enejah Calixte**

30. Calixte was employed by Defendant as a lab technician and/or phlebotomist for a Bioreference lab in Brooklyn, New York.

31. During Calixte's employment, over twenty-five percent of her duties were physical tasks, including but not limited to: (1) standing for long periods; (2) taking blood; (3) general cleaning; (4) lifting; and (5) packaging specimens.

32. The job description for Calixte's position identifies the following duties:

**PRINCIPAL JOB DUTIES:**

Duties may include but are not necessarily limited to the following:
* Experience doing blood draws, labeling specimens, centrifuging specimens, recording maintenance data and decontamination, updating patient information, etc.
* Collects and stores specimens according to established procedures
* Properly explains in a clear but courteous manner the process of the venipuncture (blood drawing) and or other specimen collection (ex. urine or fecal) as required
* Demonstrate technique/s using straight needles and/or butterfly needles
* Fully understand all of the physicians' orders
* Matches laboratory requisition forms to specimen tubes; label, centrifuge, split, and freeze specimens as required by test order
* Checks all test requisitions or computer label against script to ensure 100% correct
* Package specimens for transport
* Stores specimen sample according to required temperature, places samples in appropriate collection container/ tube, accurately labels, follows different procedures as outlined by specific to protocol deemed necessary for transport to maintain integrity of the specimen.
* Understands and complies with OSHA and DEP regulations
* Wears appropriate attire including all PPE
* Attend annual department trainings
* Answer telephone calls, read laboratory results to satisfy inquiries
* Other duties as assigned

**PHYSICAL DEMANDS AND WORKING CONDITIONS:**

The physical demands and work environment characteristics described here are representative of those an employee encounters while performing the essential functions of this job. Reasonable accommodations may be made to enable individuals with disabilities to perform the essential functions.
* Ability to sit or stand for long periods of time
* Ability to lift 20 pounds
* Frequent contact with water (hand washing and cleaning), biohazardous body fluids, and hazardous chemicals

Exhibit A.

33. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Calixte has been compensated by Defendant on a bi-weekly basis. Exhibit B, Paystubs.

34. In this regard, Defendant failed to pay Calixte her wages earned as required by NYLL § 191(1)(a).

35. As a result of Defendant's untimely wage payments, Calixte was underpaid every corresponding period where Defendant paid Calixte on an untimely basis.

36. Moreover, Calixte was denied the time-value of her money by Defendant's underpayments. Calixte was unable to invest, save, or purchase utilizing the wages she earned and was owed.

37. For instance, Calixte was unable to make timely payments of her credit card bills and fell behind by not being able to pay them because her wages were held for an extra week.

38. Calixte routinely went grocery shopping once a week, but did not receive her pay every week, which impaired her ability to purchase groceries.

39. Calixte was unable to make timely purchases for items she needed in pursuit of her nursing degree.

## FIRST CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiff and the New York Class)

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendant and protect Plaintiff and the New York Class.

42. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

43. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and

7

post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

    A.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    B.    Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

    C.    Liquidated damages permitted by law pursuant to the NYLL.

    D.    Prejudgment and post-judgment interest;

    E.    Reasonable attorneys' fees and costs of the action; and

    F.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York
        January 4, 2024

                                      Respectfully submitted,

                                      /s/ *Brian S. Schaffer*
                                      Brian S. Schaffer

                                      **FITAPELLI & SCHAFFER, LLP**
                                      Brian S. Schaffer
                                      Frank J. Mazzaferro
                                      28 Liberty Street, 30th Floor
                                      New York, New York 10005
                                      Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*