UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ENEJAH CALIXTE, individually and on behalf       **ECF CASE**
of all others similarly situated,

                Plaintiff,       Civil Action No. 1:24-CV-00083-AMD-VMS

    v.

BIOREFERENCE LABORATORIES, INC.,

                Defendant.

-----------------------------------------------------------x

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT BIOREFERENCE HEALTH, LLC'S MOTION FOR A STAY OF JUDICIAL PROCEEDINGS

---

FAEGRE DRINKER BIDDLE & REATH LLP

Attorneys for Defendant
BioReference Health, LLC (formerly known
as BioReference Laboratories, Inc.)
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
(212) 248-3140

On the Brief:

    Lynne Anne Anderson
    William R. Horwitz
    Brian M. Hayes
    Clayton D. Harvey (admission application forthcoming)

**<u>TABLE OF CONTENTS</u>**

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ........................................................................................................................... 1

I.      A Stay Would Not Prejudice Plaintiff. ..................................................................... 1

II.     Denying A Stay Would Prejudice BioReference. ...................................................... 4

III.    A Stay Serves The Interest Of Judicial Economy. ................................................... 6

IV      A Stay Serves The Interest Of The Public. .............................................................. 8

V.      The *Urena* Case Is Squarely On Point. ................................................................... 9

VI.     The Court Should Stay The Case Pending The Legislature's Rejection Or
        Acceptance Of The Section 198 Amendment. ........................................................ 10

CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Burress v. Freedom Mortg. Corp.*,
    2022 WL 586606 (D.N.J. Jan. 31, 2022) ...............................................3

*Carhuapoma v. N.Y.-Presbyterian Healthcare Sys., Inc.*,
    2013 WL 1285295 (S.D.N.Y. Mar. 29, 2013) ....................................5

*Caul v. Petco Animal Supplies, Inc.*,
    2021 WL 4407856 (E.D.N.Y. Sept. 27, 2021) ...................................1

*Chevron v. Salazar*,
    2011 WL 2326893 (S.D.N.Y. June 14, 2011) ....................................7

*Chianese v. Meier*,
    98 N.Y.2d 270, 774 N.E.2d 722 (2002)............................................3

*EI Du Pont De Nemours & Co. v. MacDermid Printing Sols. LLC*,
    2012 WL 2995182 (D.N.J. July 23, 2012)......................................3, 4

*Elhassa v. Hallmark Aviation Services, L.P.*,
    2022 WL 563264 (S.D.N.Y. Feb. 24, 2022)....................................2, 6

*Fetai v. State Collection Serv., Inc.*,
    2018 WL 11536801 (E.D. Wis. Dec. 14, 2018) .................................3

*Galante v. Watermark Services IV, LLC*,
    2024 WL 989704 (W.D.N.Y. Mar. 7, 2024)......................................7

*Glatt v. Fox Searchlight Pictures Inc.*,
    2013 WL 5405696 (S.D.N.Y. Sept. 17, 2013)..................................4, 7

*Grant v. Global Aircraft Dispatch, Inc.*,
    223 A.D. 3d 712 (2d Dep't 2024) ............................................. *passim*

*GTFM, Inc. v. Park*,
    2002 WL 31890940 (S.D.N.Y. Dec. 30, 2002) .................................6

*Gutierrez v. Carter's Inc.*,
    2023 WL 7337184 (E.D.N.Y. Nov. 7, 2023)....................................5, 6

*Kapon v. Koch*,
    23 N.Y.3d 32, 11 N.E.3d 709 (2014)...............................................3

*Laumann v. NHL*,
    2013 WL 837640 (S.D.N.Y. Mar. 6, 2013) ......................................7

*People v. Bloom*,
  7 Misc. 2d 1077 (City Ct. 1957) ........................................................8

*People v. Middlebrooks*,
  25 N.Y.3d 516, 35 N.E.3d 464 (2015)..................................................3

*Poppel v. Rockefeller Univ. Hosp.*,
  2019 WL 3334476 (S.D.N.Y. July 25, 2019) ......................................2

*Pozo v. BlueMercury, Inc.*,
  2023 WL 4980217 (S.D.N.Y. Aug. 3, 2023) ........................................5

*Prestige Jewelry Int'l, Inc. v. BK Jewellery HK*,
  2012 WL 1066798 (S.D.N.Y. Mar. 24, 2012) ......................................4

*Rankine v. Levi Strauss & Co.*,
  674 F. Supp. 3d 57 (S.D.N.Y. 2023).................................................2, 5

*Readick v. Avis Budget Grp., Inc.*,
  2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014)........................................2

*Roberts v. Graphic Packaging Int'l, LLC*,
  2021 WL 3634172 (S.D. Ill. Aug. 17, 2021) ........................................3

*Rubeis v. Aqua Club Inc.*,
  3 N.Y.3d 408, 821 N.E.2d 530 (2004)..................................................3

*Sethy v. Victoria's Secret Stores, LLC*,
  1:23-CV-03452, Dkt. No. 31 (S.D.N.Y. Apr. 1, 2024)......................8, 9

*Sikhs for Justice v. Nath*,
  893 F. Supp. 2d 598 (S.D.N.Y. 2012)..................................................9

*Stephens v. U.S. Airways Group*,
  644 F.3d 437 (D.C.C. 2011) ...............................................................1

*Strom v. Prince*,
  154 Misc. 888 (Mun. Ct. 1935)...........................................................8

*Tian v. Top Food Trading Inc.*,
  2024 WL 1051172 (E.D.N.Y. Feb. 26, 2024)........................................5

*Vega v. CM & Assoc. Constr. Mgt.*,
  175 A.D.3d 1144 (1st Dep't 2019) ............................................ *passim*

*Urena v. Sonder USA Inc.*,
  2024 WL 1333012 (S.D.N.Y. Mar. 28, 2024) ............................ *passim*

*Zachary v. BG Retail, LLC*,
   2024 WL 554174 (S.D.N.Y. Feb. 12, 2024)............................................................................10

## PRELIMINARY STATEMENT

In opposing BioReference's Motion for a Stay of Judicial Proceedings, Plaintiff Enejah Calixte primarily relies on decisions that are distinguishable or otherwise inapposite. She ignores many of the arguments in BioReference's moving brief and fails to persuasively dispute the fact that the five factors considered by courts in deciding these motions weigh in favor of granting a stay. BioReference respectfully requests that the Court stay this case pending the Court of Appeals' review of *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D. 3d 712 (2d Dep't 2024), and pending action by the New York Legislature on Governor Hochul's proposed amendment to Section 198 of the NYLL (the "Section 198 Amendment").

## ARGUMENT

I. **A Stay Would Not Prejudice Plaintiff.**

As Plaintiff concedes, mere delay "is not enough" to demonstrate the prejudice necessary to defeat a motion to stay. (Pl. Opp. at p. 5). Nor can Plaintiff allege prejudice resulting from an underpayment of wages, because she does not dispute that BioReference paid her all wages she earned. (Docket No. 1 at ¶¶ 1-2; Pl. Opp. at p. 9). Instead, Plaintiff contends that a stay would prejudice her by delaying her potential recovery of liquidated damages. (Pl. Opp. at pp. 5-6). Plaintiff fails to address the caselaw in BioReference's moving brief demonstrating that such a delay does not qualify as prejudice precluding a stay. (Dkt. No. 15-1 at p. 9).

Plaintiff misplaces reliance on *Caul v. Petco Animal Supplies, Inc.*, 2021 WL 4407856, at *4 (E.D.N.Y. Sept. 27, 2021). That case involved a motion to dismiss, not a motion to stay, and addressed whether late payments to a manual worker represent a concrete injury for purposes of establishing standing. *Id.* The other case Plaintiff cites, *Stephens v. U.S. Airways Group*, 644 F.3d 437, 438 (D.C.C. 2011), is inapposite because it addressed the unrelated issue of interest accrual on untimely retirement benefits and, moreover, did not involve a motion to stay.

Plaintiff cites *Elhassa v. Hallmark Aviation Services, L.P.*, 2022 WL 563264, at *1 (S.D.N.Y. Feb. 24, 2022), in arguing the motion should be denied because "[t]here is an interest in moving the case forward." (Pl. Opp. at p. 5). However, *Elhassa* involved a motion to stay discovery pending a motion to dismiss, not in anticipation of a decisive appeal and legislative action. Crucially, the *Elhassa* court denied the stay because the defendant failed to demonstrate that its motion to dismiss was likely to succeed. *Id*. at *2. In contrast, BioReference seeks a stay in anticipation of a decisive appeal and legislative action. If the Court of Appeals upholds *Grant* or the Legislature amends Section 198, this case will become moot. (Dkt. No. 15-1 at p. 2). These bases for a stay are indeed a "strong showing." *See Urena v. Sonder USA Inc.*, 2024 WL 1333012, at *2 (S.D.N.Y. Mar. 28, 2024) ("Should the New York Court of Appeals issue a ruling in *Grant*, its interpretation of the NYLL would be binding on this Court and would therefore likely determine the key issue in this case").

Plaintiff cites *Rankine v. Levi Strauss & Co.*, 674 F. Supp. 3d 57, 69 (S.D.N.Y. 2023), but that case states that, where the plaintiff fails to identify prejudice that would result from a stay, the plaintiff's mere interest in moving the case forward "weighs *only slightly* in Plaintiff's favor." (emphasis added).[1]

Lacking a basis to contend that a stay would cause her prejudice, Plaintiff resorts to speculation. Plaintiff speculates that, if this case were delayed due to a stay, "there may be significant difficulty locating some class members" in the future. (Pl. Opp. at p. 5). The Court should reject this argument because it is speculative and, in any event, supposed difficulty locating class members would not prejudice Plaintiff, who is already a party to the lawsuit. Also, modern

---

[1] *Rankine* relies on two cases granting stays despite finding the plaintiffs' interests in expeditiously proceeding with the case weighed "slightly" for plaintiff. *See Poppel v. Rockefeller Univ. Hosp.*, 2019 WL 3334476, at *3 (S.D.N.Y. July 25, 2019); *Readick v. Avis Budget Grp., Inc.*, 2014 WL 1683799, at *7 (S.D.N.Y. Apr. 28, 2014).

technology reduces the risk of losing putative class members. *See, e.g., Burress v. Freedom Mortg. Corp.*, 2022 WL 586606, at *3 (D.N.J. Jan. 31, 2022) ("Despite Plaintiff's concern that class members may move and be difficult to locate if this case is stayed, Plaintiff does not establish a specific risk that a 'measurable percentage of class members' will change their address"); *Roberts v. Graphic Packaging Int'l, LLC*, 2021 WL 3634172, at *3 (S.D. Ill. Aug. 17, 2021) (the Plaintiff's concern about "his ability to locate prospective class members … is speculative at best"); *Fetai v. State Collection Serv., Inc.*, 2018 WL 11536801, at *4 (E.D. Wis. Dec. 14, 2018) (rejecting the plaintiff's argument that a stay would be prejudicial by increasing the difficulty of locating class members).

Plaintiff also speculates that "a stay could last upwards of several years." (Pl. Opp. at p. 5). The Court should reject this argument because it is speculative and, in any event, if Plaintiff is not experiencing prejudice, the length of the delay is irrelevant. Plaintiff speculates that a "stay would permit [BioReference's] violation to continue, unpunished." (Pl. Opp. at p. 1). However, Plaintiff has made no showing that a "violation" exists or, if it does, that it will continue. More importantly, because Plaintiff is a former employee, alleged pay violations do not prejudice her.

It bears noting that, historically, the time that elapses between an Appellate Division decision and a decision by the Court of Appeals is often less than two years. *See, e.g., People v. Middlebrooks*, 25 N.Y.3d 516, 35 N.E.3d 464 (2015) (decided 14 months after Fourth Department decision); *Kapon v. Koch*, 23 N.Y.3d 32, 11 N.E.3d 709 (2014) (decided 11 months after First Department decision); *Rubeis v. Aqua Club Inc.*, 3 N.Y.3d 408, 821 N.E.2d 530 (2004) (decided 17 months after Second Department decision); *Chianese v. Meier*, 98 N.Y.2d 270, 774 N.E.2d 722 (2002) (decided 10 months after First Department decision). In any event, stays lasting longer are not necessarily unduly prejudicial. *See, e.g., EI Du Pont De Nemours & Co. v. MacDermid*

3

*Printing Sols. LLC*, 2012 WL 2995182, at *4 (D.N.J. July 23, 2012) (a delay of "close to five years
… does not alone weigh against imposing a stay").

　　Because a stay would not prejudice Plaintiff, this Court should grant this motion.

## II.　　Denying A Stay Would Prejudice BioReference.

　　Plaintiff downplays the prejudice to BioReference of proceeding with this litigation,
arguing that BioReference "only identifies the expenditure of time and resources as a potential
prejudice." (Pl. Opp. at p. 6).  Plaintiff ignores the significant time and resources involved in
defending a comprehensive putative class action.  (Dkt. 15-1 at pp. 10-11).  Also, the harm would
not be isolated to BioReference.  "Both parties would be prejudiced by expending time and
resources litigating a claim that may be rendered moot." *Urena*, 2024 WL 1333012, at *2.

　　Plaintiff argues that BioReference's "litigation costs do not rise to the level of irreparable
injury." (Pl. Opp. at p. 6).  This is not the standard.  Plaintiff cites *Glatt v. Fox Searchlight Pictures
Inc.*, 2013 WL 5405696, at *3 (S.D.N.Y. Sept. 17, 2013)).  However, the *Glatt* Court only applied
that standard in "deciding whether to grant a stay pending appeal." *Id*.  The irreparable injury
standard applies to a stay during the pendency of an interlocutory appeal because it is "akin to a
decision to enter a preliminary injunction." *Id*.  That standard does not apply here.  *See Prestige
Jewelry Int'l, Inc. v. BK Jewellery HK*, 2012 WL 1066798, at *3 (S.D.N.Y. Mar. 24, 2012)
(explaining that an application for a stay requires consideration of prejudice, not irreparable harm).

　　Plaintiff also downplays the discovery needed in this case, asserting that "discovery is
limited to Plaintiff's job duties and class payroll data." (Pl. Opp. at p. 6).[2]  Plaintiff ignores caselaw
holding that determining whether an employee is a "manual worker" requires a case-by-case, fact
intensive inquiry.  (Dkt. No. 15-1 at pp. 10-11).  The fact-intensive nature of the inquiry has been

---

[2] Should this case proceed, Plaintiff should be estopped from seeking other discovery.

underscored in more recent cases.  *See*, *e.g.*, *Tian v. Top Food Trading Inc.*, 2024 WL 1051172, at *7 (E.D.N.Y. Feb. 26, 2024) (Scanlon, M.J.) (determining whether an employee is a manual worker involves a review of the "duties performed by the employee" and a "case-by-case determination based on the frequency of the employee's physical duties").

Plaintiff contends that a case-by-case analysis is unnecessary because BioReference maintains a uniform phlebotomist job description.  (Pl. Opp. at p. 6, Ex. B).  It is well-settled, however, that generic job descriptions are not dispositive evidence of how employees spend their workday.  *See Carhuapoma v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 2013 WL 1285295, at *3 n. 3 (S.D.N.Y. Mar. 29, 2013) ("A job description is probative evidence, but only to the extent that it reflects an employee's actual duties").  Determining if an employee is a manual worker requires an assessment of the work the employee actually performs, not merely the written description.  *See Pozo v. BlueMercury, Inc.*, 2023 WL 4980217, at *6 (S.D.N.Y. Aug. 3, 2023) ("Accepting that 25% of Plaintiff's job responsibilities consist of certain tasks does not allow the Court plausibly to infer that Plaintiff performed those tasks for twenty-five percent of his working time").  Moreover, Plaintiff points to a phlebotomist job description that does not specify the time allocation for various tasks, such as "[p]ackaging specimens for transport" (Pl. Opp. at p. 6, Ex. B), which, Plaintiff contends, occupied over 25% of her time.  (Dkt. No. 1 at ¶ 31).  In this case, individualized scrutiny is needed to accurately assess the work each putative class member performed.  This scrutiny is complicated by the fact that Plaintiff's proposed class is not limited to phlebotomists. (Dkt. No. 1 at ¶¶ 1, 20).

The cases on which Plaintiff relies are distinguishable.  (Pl. Opp. at pp. 6-7).  In *Rankine*, 674 F. Supp. 3d at 69, the defendant did not contest the plaintiff's assertion that minimal discovery was required.  Similarly, in *Gutierrez v. Carter's Inc.*, 2023 WL 7337184, at *5 (E.D.N.Y. Nov.

7, 2023), the defendant did not specify any additional discovery needs beyond what the plaintiff described.  In contrast, BioReference has outlined the extensive and varied discovery required in this case.  In *Elhassa*, 2022 WL 563264, at *1, the plaintiff expressed an intention to forego extensive e-discovery.  Here, Plaintiff expressed no such intention.  In short, the comprehensive discovery required in this case will greatly impact the time and resources of the parties.  The Court should grant this motion.

**III.**   **A Stay Serves The Interest Of Judicial Economy.**

As explained above, Plaintiff's assertion that "a stay of this matter could go on for several years" (Pl. Opp. at p. 7) is speculative and unsupportable.  *See*, *supra*, Section I.  In any event, if that assertion were well-founded (it is not), it would weigh against a stay.  After all, wasting judicial resources for years on a case that is ultimately rendered moot would greatly undermine judicial economy.

Plaintiff contends that this Court has a substantial interest in proceeding with this case "while its knowledge of the facts is still fresh."  (Pl. Opp. at p. 7) (quoting *GTFM, Inc. v. Park*, 2002 WL 31890940, at *2 (S.D.N.Y. Dec. 30, 2002)).  This reasoning is misplaced.  In *GTFM*, the Court already had substantial knowledge of the case because it had previously held a bench trial in an earlier, related action.  *GTFM, Inc.*, 2002 WL 31890940, at *2.  Here, the Court has not yet even held an initial conference.  (Dkt. No. 18).

Plaintiff argues that "staying the case would merely delay litigation and likely result in greater inefficiencies to the Court and the litigants."  (Pl. Opp. at pp. 7-8) (quoting *Gutierrez*, 2023 WL 7337184, at *5).  But Plaintiff takes this Court's statement in *Gutierrez* out of context.  That case involved a request for a stay pending the Second Department's decision in *Grant*.  *Gutierrez*, 2023 WL 7337184, at *1.  Denying the stay, this Court reasoned that the Second Department's

decision in *Grant* would, at most, create an inter-department split. *Id.* at *5. In contrast, the Court of Appeals decision in *Grant* could be outcome-determinative.

The other cases Plaintiff cites are likewise inapposite. (Pl. Opp. at pp. 7-8). For example, the stay sought by the defendants in *Laumann v. NHL*, 2013 WL 837640, at *3 (S.D.N.Y. Mar. 6, 2013), was not for an outcome-determinative appeal but for an appeal that might have reduced their liability. Other cases that Plaintiff cites, *Glatt*, 2013 WL 5405696, at *3-4, and *Chevron v. Salazar*, 2011 WL 2326893, at *1 (S.D.N.Y. June 14, 2011), are distinguishable because they involved the heightened "irreparable injury" standard used by courts when assessing motions for stays pending interlocutory appeals.

Plaintiff fails to address the cases cited by BioReference in which district courts, including this Court, have granted stays pending the resolution of terminal appeals before the Court of Appeals. (Dkt. No. 15-1 at pp. 7-8). Plaintiff contends that post-*Grant* district court decisions rejecting *Grant* in favor of *Vega v. CM & Assoc. Constr. Mgt.*, 175 A.D.3d 1144 (1st Dep't 2019) should be afforded "weight" in deciding whether to issue a stay here. (Pl. Opp. p. 8). Yet Plaintiff concedes that such decisions are "not determinative," and she cites no authority for the contention that they "weigh[] in favor of denying the requested stay." (*Id.*).

Plaintiff misplaces reliance on post-*Grant* cases involving motions to dismiss that are inapplicable to this motion to stay. (Pl. Opp. at pp. 3-4, 8). Those decisions actually support the request for a stay because they demonstrate a split from *Grant* and another district court, *Galante v. Watermark Services IV, LLC*, 2024 WL 989704, at *8 (W.D.N.Y. Mar. 7, 2024), which Plaintiff ignores. In *Galante*, the court dismissed a NYLL Section 191 claim in light of *Grant*. (Dkt. No. 15-1 at pp. 11-12). As Judge Marrero recently noted, the district court cases declining to follow *Grant* support issuing a stay pending the *Grant* appeal. *Urena*, 2024 WL 1333012, at *3.

Earlier this month, Judge Abrams extended the stay she previously issued while *Grant* was pending before the Second Department to determine the status of the *Grant* appeal. *Sethy v. Victoria's Secret Stores, LLC*, 1:23-CV-03452, Dkt. No. 31 (S.D.N.Y. Apr. 1, 2024).[3] This Court should join Judge Marrero and Judge Abrams in issuing a stay pending the *Grant* appeal.

## IV    A Stay Serves The Interest Of The Public.

Plaintiff contends that a stay would not serve the public interest because adjudicating this matter aligns with the NYLL's purpose. (Pl. Opp. at p. 8). She ignores *Urena's* finding that a stay during the pendency of the *Grant* appeal "would serve both the public interest and the interest of judicial economy," including because of "the public interest in avoiding extra [judicial] cost." *Urena*, 2024 WL 1333012, at *2 (citation omitted). Plaintiff does not dispute that BioReference provides valuable scientific expertise and laboratory innovation services to the public, which could be stifled due to the serious financial harm lawsuits like this one bring. (Dkt. No. 15-1 at p. 17).

Plaintiff cites cases that are inapposite. (Pl. Opp. at p. 8). For example, *People v. Bloom*, 7 Misc. 2d 1077, 1078 (City Ct. 1957), was a criminal action for wage theft brought by the New York Attorney General under NYLL Section 196. In *Bloom*, which did not include a request for a stay, the employer entirely failed to pay a portion of a manual laborer's wages. *Id.* Plaintiff, in contrast, concedes that she received all of her wages. The public interest at issue in a criminal wage theft case is wholly distinct from the technical violation alleged here. Plaintiff cites *Strom v. Prince*, 154 Misc. 888, 888 (Mun. Ct. 1935), but it, too, did not involve a request for a stay. Like *Bloom*, it involved an employer's outright failure to pay an employee all wages due.

The alleged urgency to adjudicate this case before a potentially outcome-determinative appeal is decided is further eroded by the fact that Plaintiff (and other BioReference phlebotomists)

---

[3] A copy of this order is attached as Exhibit 1 to the accompanying Declaration of Lynne Anne Anderson.

earned relatively high wages.  Plaintiff admits that she earned $21.50 per hour.  (Dkt. No. 1 at ¶ 9).

Her wage rate was more than 40% higher than New York City's minimum wage rate in 2023.  *See*

https://dol.ny.gov/history-minimum-wage-new-york-state.    A  non-manual  worker,  a  manual

worker for an employer with a waiver from the Commissioner of Labor, and a manual worker at a

non-profit entity, can earn 40% less than Plaintiff and receive pay biweekly without running afoul

of  the  NYLL.    *See id.*;  https://dol.ny.gov/system/files/documents/2021/03/frequency-of-pay-

frequently-asked-questions.pdf.

     The public interest weighs in favor of granting a stay.

**V.**       **The *Urena* Case Is Squarely On Point.**

     Plaintiff's argument for disregarding *Urena* is unpersuasive.  (Pl. Opp. at p. 9).  First,

Plaintiff contends that Judge Marrero "underestimated the length of time a stay would encompass."

(Pl. Opp. at p. 9).  Plaintiff is mistaken.  In *Urena*, the Court expressly addressed the likelihood of

an appeal.  *See Urena*, 2024 WL 1333012 at *2.  Second, Plaintiff erroneously contends that *Urena*

improperly relies on decisions granting stays pending the original appeal in *Grant* to the Second

Department, or where an appeal was already pending before a higher court.  (Pl. Opp. at p. 9).  The

*Urena* Court explained that "[t]he case for a stay is even more compelling here (where a New York

Courts of Appeals ruling would resolve a significant department split and bind this Court) than it

was in *Sethy* (which issued a stay even though courts had until then uniformly followed *Vega* and

even though a contrary ruling by the Second Department would not have dictated the result in

*Sethy*)."  *Urena*, 2024 WL 1333012 at *3 (parentheticals in original).

     As the *Urena* Court stated, a "stay is especially warranted here, where 'a higher court is

close to settling an important issue of law bearing on the action.'"  *Id*. at *2 (quoting *Sikhs for

Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)).  Judge Marrero explained that the

inter-departmental split caused by *Vega* and *Grant* "substantially bolsters the prospects that the

Second Department will grant the motion for leave to appeal." *Id*.  "Moreover," Judge Marrero explained, "even if the Second Department denies the motion, the *Grant* plaintiff can still seek leave from the New York Court of Appeals directly." *Id*.  As explained in BioReference's moving brief, the inter-departmental split enhances the chances the Court of Appeals will review the *Grant* appeal.  (Dkt. No. 15-1 at pp. 12-13).

Third, Plaintiff suggests that *Urena* should be disregarded because "resolution of the Appellate Division split is not as likely as Defendant or *Urena* maintain," given that "the majority of courts which have continued to find that the Court of Appeals would follow *Vega*."  (Pl. Opp. at p. 9).  The flaw in Plaintiff's logic is that a court deciding a motion to dismiss must predict what the Court of Appeals would do, but courts do not follow that approach in deciding a motion to stay.  *Compare Zachary v. BG Retail, LLC*, 2024 WL 554174, at *5 (S.D.N.Y. Feb. 12, 2024) (legal standard when applying state law to motion to dismiss in the absence of binding authority is "to undertake the imprecise but necessary task of predicting on a reasonable basis how the New York Court of Appeals would rule") (citation omitted) with *Urena* (noting case for a stay is "compelling [ ] where a New York Courts of Appeals ruling would resolve a significant department split and bind this Court") (parenthesis omitted).

*Urena* is well-reasoned and addresses precisely the question before this Court.  This Court should adopt its reasoning.

**VI.   The Court Should Stay The Case Pending The Legislature's Rejection Or Acceptance Of The Section 198 Amendment.**

Plaintiff asserts that, if enacted, the Section 198 Amendment will not apply retroactively. (Pl. Opp. at p. 10).  However, the legislative history of the Section 198 Amendment, including Governor Hochul's supporting memorandum, demonstrates an intent to apply the Section 198 Amendment retroactively.  (Dkt. No. 15-1 at pp. 14-15).

**<u>CONCLUSION</u>**

For these reasons and the reasons set forth in BioReference's moving papers, BioReference respectfully requests that the Court stay this case pending (a) the Court of Appeals' decision in *Grant* and (b) pending action by the New York Legislature on the Section 198 Amendment.

Dated:  April 22, 2024

<div style="margin-left:40%">

Respectfully submitted,

FAEGRE DRINKER BIDDLE & REATH LLP

By: _____

Lynne Anne Anderson, Esq.
William R. Horwitz, Esq.
Brian M. Hayes, Esq.
Clayton D. Harvey, Esq. (admission application forthcoming)
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 248-3140
Fax: (212) 248-3141
lynne.anderson@faegredrinker.com
william.horwitz@faegredrinker.com
brian.hayes@faegredrinker.com
clayton.harvey@faegredrinker.com

Attorneys for Defendant
BioReference Health, LLC

</div>

11